**Christine STOUT, Appellant–Defendant**

v.

**KOKOMO MANOR APARTMENTS, Appellee–Plaintiff.**

**Maida Vawter, Appellee–Counter–Defendant.**

**No. 34A05–9611–CV–459.**

Court of Appeals of Indiana.

March 17, 1997.

Dan J. May, Kokomo, for Appellant–Defendant.

Andrew J. Vandenbosch, Russell, McIntyre, Hilligoss & Welke, Kokomo, for Appellee–Plaintiff.

## OPINION

ROBERTSON, Judge.

Christine Stout appeals an adverse judgment which awarded her Landlord, the Kokomo Manor Apartments, immediate possession of the apartment she had rented. The Landlord had learned of alleged criminal activity on the premises and filed a lawsuit in which it sought to evict the Tenants, Stout and her son, from the apartment. The trial court ultimately ordered the Tenants to vacate the premises. On appeal, Stout presents the following issues:

I Is the July 11, 1996 ruling or judgment of the Howard Superior Court # 3 granting a final judgment of "immediate possession" supported by the evidence and/or contrary to law?

II Was the Tenant denied a fair hearing by the Court's evidentiary rulings, and/or are the rulings contrary to law, an abuse of discretion and/or constitute reversible error?

III Is the ruling of July 11, 1996 a final judgment, or is the ruling merely a pre-judgment order granting the Landlord's verified application for immediate possession, and/or are there matters or issues still unresolved and pending for trial on the merits?

IV Is the ruling denying the Tenant's Motion for Sanctions and Fees contrary to law and/or an abuse of discretion?

V Does the ruling denying the Tenant's Motion for Sanctions and Fees constitute an unlawful denial of compensation for violation of Tenant's rights to due process and/or compensation for the invasion of her and her son's privacy?

We affirm.

## I

Stout rented one of the apartments located at Kokomo Manor, specifically Apt. # 1 at 614 Elk Drive, Kokomo, Indiana. The Landlord eventually filed a claim in Howard Superior Court III, on the small claims docket, in which it sought, in part, the immediate possession of the apartment based upon an allegation that the conduct of Stout's thirteen-year-old son had caused a breach of the following portion of the lease agreement:

23. (b) Any termination of this Agreement by the Landlord must be carried out in accordance with FmHA regulations, state and local law, and the terms of this Agreement. The Landlord may terminate this Agreement only for:

* * *

(3) criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other tenants or any drug-related criminal activity on or near such premises, engaged in by a tenant, any member of the tenant's household, or any guest or other person under the tenant's control ...

Counsel for Stout subsequently filed a demand for a trial by jury and then filed a counterclaim against the Landlord.

The trial court eventually heard evidence on the claims. Because the court reporter did not record the proceedings, the court submitted the following statement of the evidence:

The Witnesses were sworn. The following witnesses and testimony was presented by the [Landlord].

1. Maida Vawter testified that:

a. She is the resident manager of the Kokomo Manor Apartments.

b. A resident Cheryl A. Minns filed an incident report, offered as Exhibit A.

c. An eviction notice was sent to the [Tenant], offered as Exhibit B.

d. She had no personal knowledge of the alleged incident other than the report from Cheryl A. Minns.

e. The [Tenant] was current on and had fully paid, in advance, the rent due for the month of July, 1996.

f. Christine Stout entered into a lease agreement and addendum, offered as Exhibit C.

g. Dan J. May, attorney for the [Tenant], Christine Stout had sent a letter to her attention in response to the eviction notice, offered as Exhibit D.

h. The sole violation of the terms of the lease alleged to have been violated by Christine Stout for which eviction is sought, is found at subsection 23(b)(3) of the lease as supplemented by the addendum.

The following exhibits were offered by the [Landlord] with the following objections and rulings:

*Exhibit A:* An incident report filed by Cheryl A. Minns and filed with the [Landlord]. Exhibit A was objected to by Dan J. May, Attorney for the [Tenant], on the grounds that Exhibit A as offered would violate the confidentiality provisions of IC 31–6–8 and the Court's motion in limine; additionally Exhibit A would be hearsay as to the truthfulness of the factual matters asserted or contained in the incident report as alleged by Cheryl A. Minns.

The court ruled that the incident report would be admitted for the limited purpose of showing that a report was made, and that all references to the name of the juvenile allged [sic] to be involved would be stricken.

*Exhibit B:* An eviction notice sent by the [Landlord] to the [Tenant]. The Exhibit was objected to by Dan J. May, attorney for the [Tenant] on the grounds that it would violate the confidentiality provisions of I.C. 31–6–8 and the Court's motion in limine.

The Court ruled that the eviction notice would be admitted but that all references to the name of the juvenile allged [sic] to be involved would be stricken.

*Exhibit C:* The lease and addendum. No objection to admission was made and the Court admitted the exhibit without objection.

*Exhibit D:* A letter from Dan J. May to the [Landlord] dated November 10, 1995. The Exhibit was objected to by Dan J. May, attorney for the [Tenant] on the grounds that it would violate the confidentiality provisions of IC 31–6–8 and the Court's motion in limine; that the letter is inadmissible as an offer of compromise or settlement and/or settlement demand.

The Court ruled that the letter would be admitted but that all references to the name of the juvenile alleged to be involved would be stricken.

2. Tondra Cockrell testified that:

a. She is an officer employed by the Kokomo Police Department with duties of investigating juvenile offenses.

b. In the course of her duties she investigated an incident occurring on or

about July 29, 1996 at 614 Elk Drive, Apt. # 3, Kokomo, Indiana involving a juvenile.

 c. The nature of the incident was that of child molestation.

 d. The subject of the investigation was a male person 13 years of age and resided at 614 Elk Drive, Apt. # 1, Kokomo, Indiana.

As noted, the trial court ultimately awarded the Landlord immediate possession of the real estate ordered the Tenants to vacate the premises.

Stout claims that the evidence does not support the decision of the trial court and that the decision therefore is contrary to law. He advances several arguments in support of his claim, and we will address each of his contentions in turn.

The provision of the lease involved here allows termination of the agreement for, among other conduct:

> criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other tenants or any drug-related criminal activity on or near such premises, engaged in by a tenant, any member of the tenant's household, or any guest or other person under the tenant's control . . .

Stout claims the evidence does not support the determination that the conduct of her son amounted to "criminal activity" as provided in the lease agreement.

■ A lease is construed in the same manner as any other contract. *Scott–Reitz Ltd. v. Rein Warsaw Associates,* 658 N.E.2d 98, 103 (Ind.Ct.App.1995). This Court will give effect to the parties' intent as shown by their written expression in the lease. *Id.* The lease will be read as a whole to ascertain its intended meaning; and, in so doing, this Court gives the words of the lease their ordinary and common meaning unless a different meaning is clear from the subject matter of the lease. *Id.*

■ Where the terms of a contract are clear and unambiguous, the terms are conclusive and we will not construe the contract, or look at extrinsic evidence, but will merely apply the contract provisions. *Jackson v. DeFabis,* 553 N.E.2d 1212, 1215 (Ind.Ct.App.

1990). A contract is not ambiguous merely because the parties espouse differing interpretations of the terms. *Hastings Mutual Ins. Co. v. Webb,* 659 N.E.2d 1049, 1052 (Ind.Ct.App.1995) (insurance contract). A contract is ambiguous only if reasonable people reading the contract would differ as to the meaning of the terms. *Id.*

■ Stout claims the language of the lease agreement is specific and unambiguous but then urges us to accept her interpretation of the phrase "criminal activity." Stout notes that the conduct involved in the present case is the alleged commission of an act of child molestation by the thirteen-year-old individual who lived in the apartment covered in the lease. She asserts that such conduct is, at most, an act of juvenile delinquency. She notes that proceedings in juvenile court are civil proceedings, not criminal in nature, and that an act of juvenile delinquency is not a crime. *See M.R. v. State,* 605 N.E.2d 204, 207 (Ind.Ct.App.1992). She contends that, under the laws of this State, the alleged conduct of the thirteen-year-old individual are not considered a crime. We agree with this first contention.

Stout next asserts that, for certain conduct to be considered "criminal activity," a crime must have been committed. She then notes that the acts of her son are not considered a crime and therefore concludes that the conduct of her son was not "criminal activity" and cannot form a proper basis for the breach of the lease agreement.

We do not agree that, for certain conduct to be considered "criminal activity" under the lease agreement, a crime must have been committed. While we agree that reasonable people reading the contract would not differ as to the meaning of the language used there, we conclude that the allegation of child molesting by the thirteen-year-old resident of the apartment is "criminal activity" as that phrase appears in the contract.

In general, a child commits a delinquent act if, before attaining the age of eighteen (18), the child commits an act that would be an offense if committed by an adult. Ind. Code 31–6–4–1(a)(1). While the juvenile court has original jurisdiction over an indi-

vidual for the alleged violation of many statutes, the juvenile court nonetheless, under appropriate circumstances, may waive jurisdiction of the case to a court which would have had jurisdiction had the act been committed by an adult. *See* I.C. 31–6–2–1.1; I.C. 31–6–2–4(a). Stout's claim that the phrase "criminal activity" does not include a delinquent act is not persuasive in light of the statute which allows the juvenile court to waive jurisdiction over the alleged delinquent child to a court with jurisdiction over criminal offenses. Simply stated, the formalities of juvenile law and criminal law do not control the determination of whether certain conduct constitutes "criminal activity" under the lease agreement.

The ordinary and common meaning of the language used in the written lease unambiguously reveals the intent of the parties. The provision of the lease involved here allows termination of the agreement for "criminal activity," which necessarily includes a host of conduct, including delinquent acts. We conclude that the parties cannot reasonably have entered into the agreement with the intention that "criminal activity" be avoided but any and all forms of delinquent activity be accepted. The evidence therefore is sufficient to support the determination that the act of molestation qualified as "criminal activity" as provided in the lease agreement.

■ Stout also claims that the evidence is insufficient to support the judgment of the trial court because the court improperly relied upon certain exhibits it had entered into evidence. As we determine below, however, the trial court properly admitted the exhibits and considered their contents. We therefore need not disregard the exhibits in our review of the sufficiency of the evidence. The exhibits reveal that another resident of the Kokomo Manor Apartments filed with the Landlord a report which claimed that Stout's thirteen-year-old son had admitted to an act of molestation committed against the other resident's four-year-old son. In light of the information in the exhibits, Stout has not established that the judgment of the trial court is unsupported by the evidence or is contrary to law.

■ Stout next claims that, even if an act of juvenile delinquency is "criminal activity" under the terms of the lease, the Fair Housing Act of 1968, § 802(h), as amended, 42 U.S.C. § 3602(h) prohibits any eviction. She bases her argument on a claim that the thirteen-year-old perpetrator is the equivalent of a "handicapped child" because his molestation of the victim has resulted in the "negative reactions of others," which has caused him an "impairment" or a "disability." In other words, Stout claims that the perpetrator's status as a delinquent child is a "handicap" for purposes of the Fair Housing Act. Therefore, Stout reasons, the thirteen-year-old boy with sexual orientation problems should be protected from housing discrimination.

As the Landlord notes, however, the Fair Housing Act generally deems discrimination based on a handicap to be unlawful but does not require that "a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals." Fair Housing Act of 1968, § 804, as amended, 42 U.S.C. § 3604(f)(9). An act of child molestation against another resident at the apartment complex qualifies Stout's son as "a direct threat to the health or safety of other individuals." The Fair Housing Act therefore does not protect the "disability" of Stout's son.

## II

■ Stout claims that the trial court erroneously admitted some of the Landlord's exhibits into evidence and that the evidentiary rulings denied her a fair trial. She places the most emphasis upon her claim that her demand for a jury trial required the trial court to transfer the case to the plenary docket for a jury trial where the informalities of the small claims rules do not govern the admission of evidence. Stout asserts that, under the stricter, normal procedural and evidentiary rules, the trial court should not have admitted or considered the exhibits.

Stout initially states that her attorney filed a request for a jury trial "as contemplated and allowed by I.C. 33–10.5–7–5 and/or I.C. 33–11.6–4–10" and that the use of the word

"shall" in each of the statutes mandates that the trial court transfer her case to the plenary docket for a jury trial. She asserts that the trial court had no discretion to do otherwise.

We first note that, in her demand for a jury trial, Stout requested only that "pursuant to the Indiana Rules of Trial Procedure the undersigned demands that this matter be set for trial by jury." When she addressed her demand to the trial court, she did not rely upon either of the statutes she now claims governed the situation.

Regardless, we note that the statutes Stout has cited do not, in fact, govern the proceedings in the Howard Superior Court III. The first statute, I.C. 33–10.5–7–5, governs proceedings in county courts. *See* I.C. 33–10.5–1–4. The Howard Superior Court III once represented the county court but currently is a superior court with a small claims and misdemeanor division. *See* P.L. 133–1992, Sec.9, Sec.75, Sec.76; I.C. 33–5–20.2–11. Further, the second statute, I.C. 33–11.6–4–10, governs proceedings in the Marion County Small Claims Court, of which the Howard Superior Court III is clearly not a part. *See* I.C. 33–11.6–1–3 (small claims court in each county containing a consolidated city of first class).

The statute which governs the proceedings in a superior court with a standard small claims and misdemeanor division is I.C. 33–5–2–7, which provided at the time:

(a) The filing of a claim on the small claims docket is deemed a waiver of trial by jury.

(b) The defendant may, not later than ten (10) days following service of the complaint in a small claims case, demand a trial by jury by filing an affidavit that:

(1) states that there are questions of fact requiring a trial by jury;

(2) specifies those questions of fact; and

(3) states that the demand is in good faith.

(c) Notice of the defendant's right to a jury trial, and the ten (10) day period in which to file for a jury trial, shall be clearly stated on the notice of claim or on an additional sheet to be served with the notice of claim on the defendant.

(d) Upon the deposit of ten dollars ($10) in the small claims docket by the defendant, the court shall transfer the claim to the plenary docket. Upon transfer, the claim then loses its status as a small claim.

The record does not demonstrate that the trial court transferred the present case to the plenary docket for a jury trial so that the claim lost its status as a small claim.

The Landlord contends that Stout may not complain that the informal small claims rules controlled the admission of the exhibits because she did not deposit the $10 required to permit the transfer of the claim to the plenary docket. In response, Stout asserts that she should not be required to submit a deposit because she was and is indigent. She bases her claim on the following statutes:

A person entitled to bring a civil action or to petition for the appointment of a guardian under IC 29–3–5 may do so without paying the required fees or other court costs upon filing in court, under oath and in writing, a statement:

(1) declaring that the person is unable to make the payments or to give security for them because of the person's indigency;

(2) declaring that the person believes that the person is entitled to the redress sought in the action; and

(3) setting forth briefly the nature of the action.

I.C. 33–19–3–2.

Any poor person not having sufficient means to prosecute or defend an action may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defense, who shall do their duty therein

without taking any fee or reward therefor from such poor person.

I.C. 34–1–1–3.

The record reveals that Stout receives federal assistance in the payment of her rent. The record also shows that, after the entry of the final judgment, Stout filed a motion for leave to prosecute her appeal as a pauper, which the trial court later approved. The record does not establish, however, that Stout brought her indigent status to the attention of the trial court before the trial or that she applied to the court for leave to proceed with a jury trial without the payment of the required deposit at any time. Thus, Stout gave the trial court no opportunity to determine whether she had sufficient means to pay the deposit or to decide whether the case could proceed with a trial by jury on the plenary docket without the payment of the deposit.

Indiana Code Section 33–19–3–2 required Stout to make a showing of indigency in order to proceed *in forma pauperis. See Campbell v. Criterion Group*, 605 N.E.2d 150, 159 (Ind.1992) (each litigant wishing to proceed on appeal in forma pauperis must make this showing [of indigency] ). Stout did not do so and now cannot complain that the trial court did not transfer the case to the plenary docket for a trial by jury. Further, absent a request for leave to proceed without payment of the deposit, Stout cannot complain that the trial court did not transfer the case. *See In Re Johnson*, 415 N.E.2d 108, 112 (Ind.Ct.App.1981) (absent a request for appointment of counsel due to economic status, and evidence in support thereof, trial court did not abuse its discretion in denying request for appointment of local counsel under I.C. 34–1–1–3). *See also, Gee v. State*, 508 N.E.2d 787, 790 (Ind.1987) (no abuse of discretion in failing to appoint counsel under I.C. 34–1–1–3 where defendant never requested appointment of counsel due to his economic status).

Insofar as Stout did not establish her indigency or request leave to proceed without payment of the deposit, she prevented the possibility of a transfer of her case to the plenary docket for a trial by jury. Similarly, by her inactions, Stout permitted the case to proceed on the small claims docket under its informal procedural and evidentiary rules. As a result, Ind.Small Claims Rule 8(A) governed the proceedings:

> *Procedure.* The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise.

An expeditious resolution of the claim is essential to the efficacy and attractiveness of the small claims process. *See Matusky v. Sheffield Square Apartments*, 654 N.E.2d 740, 742 (Ind.1995). In fact, the whole point of having a separate small claims process is to provide a quick, less expensive alternative to a full-blown trial. *Id.*

■ Stout objects that the Landlord's exhibits contain hearsay statements, confidential information, and settlement offers and claims that the trial court improperly admitted them over her objections. Due to the informal nature of the proceedings, the trial court committed no error when it admitted the exhibits into evidence. *See Matusky*, 654 N.E.2d 740 (refusal to adopt a rule whereby, besides the hearsay evidence in the small claims case, there must be remainder or residue of competent evidence on which the outcome is based). Stout has not demonstrated that the trial court improperly considered the content of the exhibits when it determined the outcome of this case.

### III

■ Stout claims that the proceedings in the trial court were merely pre-judgment proceedings and therefore that the order which granted the Landlord " immediate possession" was a pre-judgment order. She contends that some matters currently remain before the trial court for resolution. She asserts that she is entitled to a trial on the merits with regard to several issues, including the question of which party is entitled to final possession of the premises.

In support of her claim, Stout asserts that the Landlord's verified claim for immediate possession had all of the "earmarkings of a claim for a pre-judgment order of possession under I.C. 32–6–1.5–1 et seq." which "requires a written undertaking executed by surety." Inasmuch as the trial court fixed no bond in the present case, and the Landlord provided no security, Stout claims that the order of ejectment is void and unenforceable, and therefore pre-judgment, until the Landlord posts a bond.

As discussed more fully above, the present case remained upon the small claims docket of the trial court. Therefore, the trial of the Landlord's claim remained informal, with the sole objective being to dispense speedy justice between the parties according to the rules of the substantive law of evictions. The trial court was not bound by the statutory provisions on the formal procedures related to evictions. We therefore conclude that the order of the trial court constituted a final judgment for possession of the real estate and that the trial court properly issued an order of possession in the Landlord's favor even though the Landlord had not executed a surety under I.C. 32–6–1.5–6.

 Stout next claims that, if the trial court's order was a final judgment, then it unlawfully forfeited her property rights without just compensation. She notes that she paid her rent, in advance, through July 31, 1996, and claims that the order for her to vacate the real estate on or before July 16, 1996, improperly stripped her of two weeks worth of rent. She also contends that the final judgment made no provision for a disposition of her security deposit.

Under I.C. 32–7–5–12(a), the landlord is to return to the tenant, upon termination of the rental agreement, any unapplied security deposit. This section does not preclude the tenant from recovering other damages to which she is entitled. I.C. 32–7–5–12(c).

 The record does not demonstrate that Stout asked the trial court for any relief from the Landlord's retention of her pre-paid rent or her security deposit. The record therefore does not establish that the actions of the trial court affirmatively denied Stout

any relief from improperly retained funds. We note that a party may not raise an issue on appeal which she did not raise in the trial court. *Davidson v. Cincinnati Ins. Co.,* 572 N.E.2d 502, 505 (Ind.Ct.App.1991). Stout may not proceed against the Landlord on this issue for the first time on appeal.

### IV & V

 Prior to the trial, the Landlord issued a subpoena duces tecum for the production of certain records from the Kokomo Police Department. Stout filed a motion to quash the subpoena and to obtain sanctions and fees for violation of discovery rules. Stout contended that the Landlord had not obtained the approval of the trial court as required under S.C.R. 6. She also contended that the Landlord had issued the subpoena without service upon all parties, without the required notice to her attorney, and without attachment to a formal request for production, all as required under Ind.Trial Rule 34(C). The Landlord eventually withdrew the subpoena duces tecum, and the trial court denied Stout's motion for sanctions and fees. On appeal, Stout presents the following argument:

> The tenant MOST VIGOROUSLY argues to this Court that the mere issuance of, and filing with the Court of, a subpoena duces tecum naming her son, ..., a nonparty, as a juvenile offender is an invasion of her and her son's privacy guaranteed by statute. It is an abuse of the discovery process and is sanctionable conduct *per se.* (Emphasis original.)

With her arguments, Stout ignores the caption of her own counter-claim, which contains the name of her son as a plaintiff. Further, even without the information from the Kokomo Police Department, the evidence, as demonstrated above, is sufficient to support the judgment of the trial court. Moreover, the Landlord withdrew its subpoena. Finally, as noted, the small claims rules contemplate an informal trial according to the rules of substantive law and without the usual strictures of the rules of practice and procedure. For the reasons, Stout has not established that the decision of the trial court prejudiced her substantial rights and there-

fore has not demonstrated that the trial court committed error when it denied her motion for sanctions and fees.

Judgment affirmed.

BAKER and FRIEDLANDER, JJ., concur.