**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KENT HULL**
Indiana Legal Services, Inc.
South Bend, Indiana



FILED

Jan 30 2013, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL RAMOS, | ) |
| | ) |
| Appellant-Defendant/Counterclaimant, | ) |
| | ) |
| vs. | ) No. 71A03-1203-SC-107 |
| | ) |
| ROBERTSON'S APARTMENTS, | ) |
| | ) |
| Appellee-Plaintiff/Counterdefendant. | ) |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jenny Pitts Manier, Judge
Cause No. 71D01-1110-SC-8959

**January 30, 2013**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**CRONE, Judge**

Michael Ramos petitions for rehearing of this Court's memorandum decision in *Ramos v. Robertson's Apartments*, No. 71A04-1203-SC-107 (Ind. Ct. App. Nov. 16, 2012), in which we affirmed the small claims court's denial of his request for an appointment of a guardian ad litem and its conclusion that he waived his request for damages in excess of the small claims jurisdictional limit. We grant his petition for rehearing solely to address a point he raises in his argument regarding the waiver for damages in excess of the small claims jurisdictional limit. However, we affirm our original decision in all respects.

In our decision, we concluded that Ramos waived his request for damages in excess of the small claims jurisdictional maximum pursuant to Indiana Small Claims Rule 5(B), which provides, "Any defendant pursuing a counterclaim to decision waives the excess of the defendant's claim over the jurisdictional maximum of the small claims docket and may not later bring a separate action for the remainder of such claim." In his petition for rehearing, Ramos argues that in his answer and counterclaim, he demanded a jury trial and requested that the case be transferred to the plenary docket. According to Ramos, that is all he needed to do to transfer the case to the plenary docket of the superior court. In support of his argument, he cites *Bishop v. Housing Authority of South Bend*, 920 N.E.2d 772 (Ind. Ct. App. 2010), *trans. denied, cert. denied* (2011). There, the Housing Authority of South Bend filed its notice of claim against Bishop in small claims court on October 22, 2008. On November 3, 2008, counsel for Bishop filed an affidavit of indigency and jury trial demand. On November 13, 2008, the small claims court granted Bishop's jury trial demand and ordered

the matter transferred to the plenary docket. The small claims court also found Bishop indigent and waived the transfer fee.

Significantly, the facts in *Bishop* upon which Ramos relies were reported as part of the background of the case. The granting of the jury trial demand and transfer to the plenary docket were not challenged by the Housing Authority of South Bend, and thus the propriety of these decisions was not in issue. Here, in contrast, the small claims court did not grant Ramos's jury trial demand because it found that it was untimely.

Ramos's argument ignores Indiana Small Claims Rule 2(B)(10), which provides in relevant part that a notice of claim shall contain

> [N]otice of the defendant's right to a jury trial and that such right is waived unless a jury trial is requested within ten (10) days after receipt of the notice of claim; … and within ten (10) days after the jury trial request has been granted, the party requesting a jury trial shall pay the clerk the additional amount required by statute to transfer the claim to the plenary docket; … otherwise, the party requesting a jury trial shall be deemed to have waived the request.

Ramos also ignores Indiana Code Section 33-31-2-6(b), which reads,

> The defendant may, not later than ten (10) days following service of the complaint in a small claims case, demand a trial by jury by filing an affidavit that:
>
> (1) states that there are questions of fact requiring a trial by jury;
> (2) specifies those questions of fact; and
> (3) states that the demand is in good faith.

Here, Robertson's Apartments filed its notice of claim on October 19, 2011. Our review of the record on appeal reveals that Ramos did not request a jury trial and transfer to the plenary docket until he filed his answer and counterclaim on February 16, 2012 (assuming, without deciding, that Ramos filed it by certified mail on that date as he claims).

3

This is months after the notice of claim was filed. Ramos has not provided any information as to when he received the notice of claim, but he has not argued that he failed to receive notice or that he filed his answer and counterclaim within ten days of receiving the notice of claim. Although the record does not indicate exactly when Ramos received notice of claim, it shows that Robertson's Apartments served Ramos with a copy of the notice of claim. Appellant's App. at 1. The record also shows that Ramos's attorney appeared on behalf of Ramos on November 17, 2011. *Id.* In *Bishop*, the defendant apparently filed her demand for jury trial and request for transfer to the plenary docket within ten days of receiving the notice of claim. Ramos failed to do so here. In addition, Ramos did not file an affidavit as required by Indiana Code Section 33-31-2-6(b). Finally, Ramos did not pay the transfer fee, establish indigency, or request permission to proceed without payment of the fee. Accordingly, the small claims court did not err in concluding that Ramos waived his prayer for damages in excess of the small claims jurisdictional limit.[1] *See Stout v. Kokomo Manor Apartments*, 677 N.E.2d 1060, 1067 (Ind. Ct. App. 1997) ("Insofar as Stout did not establish her indigency or request leave to proceed without payment of the deposit, she prevented the possibility of a transfer of her case to the plenary docket for a trial by jury").

We affirm our original decision in all respects.

RILEY, J., and BAILEY, J., concur.

---

[1] Each small claims court makes a small claims manual available to all litigants pursuant to Small Claims Rule 13. The small claims manual is also available on the official Indiana government website. www.in.gov/judiciary/2710.htm (last visited January 9, 2013).

4