Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JUSTIN R. WALL**
Wall Legal Services
Huntington, Indiana



FILED
Apr 24 2013, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| INNER CIRCLE PROPERTIES, LLC, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | )   No. 35A02-1210-SC-885 |
| | ) |
| JEFFREY BEEKS, | ) |
| | ) |
| Appellee-Defendant. | ) |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
The Honorable Jennifer E. Newton, Magistrate
Cause No. 35D01-1208-SC-699

**April 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Inner Circle Properties, LLC ("Inner Circle"), appeals the small claims court's judgment which, in effect, denied Inner Circle's claim for $250 in attorney's or collection fees. Inner Circle was the assignee of the rights to a contract to provide legal services between attorney Justin R.Wall, d/b/a Wall Legal Services, and client Jeffrey Beeks. In that contract, Beeks agreed that a $250 flat collection fee would be assessed against him in the event that counsel would need to pursue court action to recover any unpaid legal fees. The sole issue presented for our review is whether the small claims court clearly erred in denying Inner Circle's claim for $250 in attorney's or collection fees. Finding prima facie error, we reverse and remand.

**Facts and Procedural History**

Attorney Justin R. Wall of Justin R. Wall, P.C., d/b/a Wall Legal Services, provided legal services to Beeks pursuant to a contract for legal services. That contract provided in relevant part that "[c]lient understands that counsel will assess a $250.00 collection fee if Counsel pursues Court action to recover fees." Appellant's App. at 15. Beeks failed to pay Wall Legal Services for services provided and has an outstanding balance of $595. On August 1, 2012, Wall Legal Services assigned its rights to its contract for legal services with Beeks to Inner Circle. Wall is the managing member and sole owner of Inner Circle. That same date, Wall, as counsel for Inner Circle, filed a small claims notice against Beeks. Inner Circle sought damages in the sum of $595, plus attorney's or collection fees of $250, and $92 in court costs, for a total amount of $937.

2

On August 31, 2012, prior to the scheduled small claims hearing, Inner Circle filed a "Stipulated Agreement" signed by both parties wherein Beeks admitted liability and agreed to pay the total requested amount of $937 in monthly installments. On October 10, 2012, the small claims court held a hearing regarding the stipulated agreement. Beeks failed to appear at the hearing. Following the hearing, the trial court rejected the stipulated agreement. Specifically, the court denied Inner Circle's request for $250 in attorney's or collection fees. Instead, the trial court entered judgment in favor of Inner Circle in the sum of $595 plus $92 in court costs plus interest. The court also issued a stayed garnishment order in the event that Beeks fails to make monthly payments toward the judgment. This appeal followed.

## Discussion and Decision

At the outset, we note that Beeks has not filed an appellee's brief. When the appellee fails to submit a brief, we will not undertake the burden of developing arguments for that party. *Tisdial v. Young*, 925 N.E.2d 783, 784 (Ind. Ct. App. 2010). Instead, we will reverse the trial court's judgment if the appellant presents a case of prima facie error. *Id*. at 784-85. In this context, prima facie error is error at first sight, on first appearance, or on the face of it. *Id*. The appellee's failure to file a brief does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 725 (Ind. Ct. App. 2009).

Inner Circle contends that the small claims court erred in denying Inner Circle's claim for $250 in attorney's or collection fees. Our standard of review in small claims cases is well settled. Small claims judgments are "subject to review as prescribed by relevant Indiana

rules and statutes." Ind. Small Claims Rule 11(A). "We review facts from a bench trial under a clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility." *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting. *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 689 (Ind. Ct. App. 2012). However, this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a court of general jurisdiction. *Vance v. Lozano*, 981 N.E.2d 554, 557-58 (Ind. Ct. App. 2012).

In the instant case, the small claims court and Inner Circle use the terms collection fee and attorney's fee interchangeably when referring to the $250 fee. Regardless of the label, the $250 fee here is essentially an attorney's fee assessed for the collection of a debt. "Generally, Indiana follows the American Rule, which requires each party to pay his or her own attorney's fees." *Stewart v. TT Commercial One, LLC*, 911 N.E.2d 51, 58 (Ind. Ct. App. 2009), *trans. denied*. However, parties may shift the obligation to pay such fees through contract or agreement, and we will enforce those agreements as long as they are not contrary to law or public policy. *Id*. Even pursuant to a contract, an award of attorney's fees must be reasonable and the determination of reasonableness necessitates consideration of all relevant circumstances. *Id*.

The parties here clearly shifted the obligation to pay attorney's fees for the collection of a debt in their contract for legal services.[1]  There is nothing about the contract for legal services between Wall Legal Services and Beeks, which included an agreement by Beeks to pay a $250 flat fee in the event collection proceedings were necessary, to indicate that it is contrary to law or public policy.  Beeks failed to appear at the small claims hearing and at no time has he challenged the contract for legal services or the reasonableness of the $250 flat fee.  Indeed, in addition to his original agreement to pay the $250 fee, Beeks subsequently signed a stipulated agreement admitting his liability for the $250 fee in addition to the unpaid fees for legal services rendered and court costs.

Under all relevant circumstances, we conclude that the contract between the parties which shifted the obligation to pay attorney's fees for the collection of a debt is not contrary to law or public policy.  Further, we cannot say that the $250 fee is unreasonable.  Thus, Inner Circle has presented a case of prima facie error.  Accordingly, we reverse and remand with instructions for the small claims court to amend its judgment to include the $250 fee.

Reversed and remanded.

ROBB, C.J., and FRIEDLANDER, J., concur.

---

[1] As an assignee of the contract for legal services, Inner Circle stands in the shoes of Wall Legal Services in seeking to recover the $250 fee. *See Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012) ("[t]he assignee of rights under a contract stands in the shoes of the assignor and can assert any rights that the assignor could have asserted").

5