**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 24 2014, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY MICHAEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1306-SC-300 |
| | ) | |
| GENE CHANDLER, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Dean O. Burton, Magistrate
Cause No. 20D06-1208-SC-5565

**January 24, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Timothy Michael (Michael), appeals the small claims court's judgment ordering him to pay Appellee-Plaintiff, Gene Chandler (Chandler), $5,697.50.

We affirm.

## ISSUE

Michael raises one issue on appeal, which we restate as: Whether the small claims court erred when it ordered Michael to pay Chandler $5,697.50.

## FACTS AND PROCEDURAL HISTORY

In 2012, Chandler provided over-the-road trucking services for Michael. If Chandler used Michael's equipment to provide the services, Chandler received 80% of the delivery fee, and if he used his own equipment, he received 90% of the fee. When Chandler delivered items, the dealer paid the delivery fee, which Chandler deposited in Michael's bank account. Chandler then requested payment from Michael, who wrote Chandler a check.

In March 2012, Chandler informed Michael that he would be closing his business. On April 10, 2012, Chandler presented Michael with a handwritten, itemized demand for payment of $5,697.50 for services already provided. Michael refused to pay Chandler, and on August 29, 2012, Chandler filed a Complaint against Michael alleging that Michael owed him $5,697.50.[1] At the April 8, 2013 trial, the trial court admitted into evidence the

---

[1] Michael apparently filed a counterclaim on October 11, 2012. However, he did not include a copy of the counterclaim in his Appellant's Appendix, and he states in his Appellant's Brief that the "adverse judgment on it is not being challenged on the appeal." (Appellant's Br. p. 2).

itemized demand for payment (Plaintiff's Exhibit 1), which included a $1,595 payment request for a run to North Dakota and a $400 payment request for the return trip. Chandler testified that he calculated the $1,595 request for the trip to North Dakota based upon what he was paid for other trips "to that exact same spot." (Tr. p. 17). He further testified that he calculated the $400 request after speaking with a colleague that was "real familiar with this type of driving." (Tr. p. 18). Michael testified that Chandler volunteered to go on both legs of the North Dakota trip without being paid, and that Chandler had been dishonest in the past.

On May 24, 2013, the trial court ordered Michael to pay Chandler the entire $5,697.50, including the $1,595 for North Dakota run and the $400 for the return trip, as well as $100 of Chandler's attorney fees. Specifically, the trial court stated that "Chandler's testimony relative to the work performed by himself for Michael, the past business practices between the parties, including the depositing of checks . . . was highly credible." (Appellant's App. p. 6).

Michael now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

As a preliminary matter, we observe that Chandler has filed no appellate brief. When the appellee has failed to submit a brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2008). Rather, we will reverse the trial court's judgment if the appellant's brief presents a case of *prima facie error*. *Id*. *Prima facie error* in this context is defined

as, "at first sight, on first appearance, or on the face of it." *Id.* Where an appellant is unable to meet this burden, we will affirm. *Id.* We now to turn to the merits of this case.

Michael claims that the small claims court erred in ordering him to pay Chandler the entire $5,697.50. Specifically, Michael claims that the trial court should not have ordered him to pay the $1,595 for North Dakota trip or the $400 for the return trip. According to Michael, Chandler volunteered to make that trip with no expectation of payment.

Our standard of review in small claims cases is well settled. Small claims court judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. *Vance v. Lozano*, 981 N.E.2d 554, 557 (Ind. Ct. App. 2012). This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting. *Id.* In determining whether the judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 748 (Ind. Ct. App. 2010). We will reverse a judgment only if the evidence leads to but one conclusion, and the trial court reached the opposite conclusion. *Vance,* 981 N.E.2d at 558.

Here, Chandler testified about both legs of the North Dakota trip and requested payment of $1,595 for the trip there and $400 for the trip back. He testified that he had

4

been paid $1,595 for a previous trip to the same spot, and that a colleague familiar with that type of driving helped him calculate the $400 request. Michael testified that Chandler volunteered for the trip and did not expect to be paid. After having the opportunity to assess witness credibility, the trial court clearly stated that it found Chandler's testimony regarding the North Dakota trip, including his requested payment for the trip, to be credible. Michael's argument is nothing more than a request to reweigh the evidence, which we cannot do.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in ordering Michael to pay Chandler $5,697.50.

Affirmed.

VAIDIK, C.J. and MAY, J. concur