

**FILED**

Jul 08 2015, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Stephen L. Williams | Robert B. Thornburg |
| Kyle T. Ring | Maggie L. Smith |
| Williams Law Firm | Timothy L. Karns |
| Terre Haute, Indiana | Frost Brown Todd LLC |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Cathy Rexroad, et. al.,

*Appellants-Plaintiffs,*

v.

Greenwood Motor Lines, Inc.
d/b/a R+L Carriers, R&L
Carriers Shared Services, LLC,
and Richard C. Maples, Sr.,

*Appellees-Defendants,*

July 8, 2015

Court of Appeals Case No.
49A04-1408-CT-391

Interlocutory Appeal from the
Marion Circuit Court
The Honorable Louis F. Rosenburg,
Judge
The Honorable Mark A. Jones,
Commissioner
Cause No. 49C01-1303-CT-9775

**Bradford, Judge.**

# Case Summary

[1]     Appellee-Defendant Richard C. Maples, an Ohio resident, was employed as a
truck driver by Appellant-Defendant R&L Carriers, an Ohio limited liability

company. The tractor-trailer driven by Maples was owned by Appellee-Defendant Greenwood Motor Lines, Inc. ("Greenwood"). On February 14, 2012, while in the course of his employment, Maples was driving on an Indiana interstate when he lost control of his vehicle and struck another tractor-trailer resulting in the death of Arnold Rexroad, Sr. ("Rexroad"), an Illinois resident. Several members of Rexroad's family were named as special administrators of his estate and filed a negligence action against defendants. Ultimately, Greenwood admitted that it was entirely at fault for the accident. Plaintiffs requested that the trial court apply Illinois law to the only remaining unsettled issue, damages. The trial court denied plaintiffs' request and chose to apply Indiana law. We affirm.

# Facts and Procedural History

[2] On February 14, 2012, Rexroad was driving a tractor-trailer on Interstate 70 in Hendricks County, Indiana when he began experiencing mechanical difficulties, pulled his tractor-trailer onto the right shoulder, and called for a tow truck. Lindsey Measel, an Indiana resident, was travelling on the same interstate and, as Rexroad's tractor-trailer was being loaded on to the tow truck, Measel slowed her vehicle in the left-hand lane. Maples, who was driving a tractor-trailer directly behind Measel, was forced to change lanes in order to avoid striking Measel's vehicle. As a result, Maples lost control of his tractor-trailer and collided with Rexroad's vehicle. Rexroad died as a result of his

injuries. At the time of the accident, Maples was operating his tractor-trailer in the course of his employment with Greenwood.

[3] Rexroad was survived by his wife, Cathy Rexroad, his children, Greta Rice, Cody Rexroad, Theresa Sutter, Janice Linder, and Arnold Rexroad, Jr., and his step-children, Shannon Bennett and Mark Gibson (collectively the "Plaintiffs"). On October 4, 2012, Plaintiffs, who are all Illinois residents, were named as special administrators of Rexroad's estate. Plaintiffs brought suit against Greenwood alleging negligence in the operation of Maples's vehicle resulting in Rexroad's death. Measel was also named as a defendant in the complaint.

[4] The parties met during pre-trial conferences on November 10, 2013 and May 16, 2014. On June 16, 2014, Plaintiffs filed a memorandum with the trial court requesting that the trial court apply Illinois law to the case. On July 1, 2014, following a hearing on the choice-of-law question, the trial court determined that Indiana law would apply. The following day, during the final pre-trial conference, Greenwood admitted to being solely at fault for the accident and death of Rexroad. Greenwood's stipulation to being at fault included a condition that it was effective only so long as Indiana law applied. Plaintiffs reached a settlement with Measel who was then dismissed from the case. Also on July 2, 2014, Plaintiffs filed a motion requesting the trial court to reconsider its ruling on the choice-of-law issue. On July 18, 2014, the trial court denied Plaintiffs' motion to reconsider. This interlocutory appeal follows.

# Discussion and Decision

[5]     The only issue raised in this appeal is whether the trial court properly determined that Indiana law applies. Such an issue is purely a question of law. Appellate courts evaluate questions of law *de novo* and owe no deference to a trial court's determination of such questions. *Seel v. State*, 739 N.E.2d 170, 172 (Ind. Ct. App. 2000); *See also Simon v. U.S.*, 341 F.3d 193, 199 (3d Cir. 2003).

## Choice of Law[1]

[6]     The Indiana Supreme Court established an analysis for addressing choice-of-law questions in *Hubbard Manufacturing Co. Inc. v. Greeson*, 515 N.E.2d 1071 (Ind. 1987). "[I]n tort cases[,] Indiana choice-of-law analysis now involves multiple inquiries. As a preliminary matter, the court must determine whether the differences between the laws of the states are 'important enough to affect the outcome of the litigation.'" *Simon v. U.S.*, 805 N.E.2d 798, 804-05 (Ind. 2004) (quoting *Hubbard*, 515 N.E.2d at 1073). Here, the parties agree that there are substantial differences between Indiana and Illinois law.[2]

> If such a conflict exists, the presumption is that the traditional *lex loci delicti* rule (the place of the wrong) will apply. Under this rule, the court applies the substantive laws of the "the state where the last event necessary to make an actor liable for the alleged wrong takes place."

---

[1] As a threshold issue, Greenwood argues that Plaintiffs failed to comply with the requirements of Indiana Trial Rule 44.1(B), and its accompanying statute Indiana Code section 34-38-4-4, by failing to provide reasonable notice of their intention to apply the laws of a foreign jurisdiction, ergo they should be precluded from requesting that Illinois law be applied. However, where possible, we prefer to address cases on their merits. *Armstrong v. State*, 932 N.E.2d 1263, 1270 (Ind. Ct. App. 2010). Furthermore, the trial court heard Greenwood's notice argument and, apparently, found it unavailing, choosing instead to address the merits of the case in its order.

[2] Briefly, the relevant difference between the two states' laws is that "Illinois law permits recovery by all of the deceased's children, adult as well as minor, whereas Indiana does not." Appellee's App. p. 211.

[*Hubbard*, 515 N.E.2d at 1073]. This presumption is not conclusive, however. It may be overcome if the court is persuaded that "the place of the tort 'bears little connection' to this legal action." *Id*. at 1074.

*Id*.

In *Hubbard*, an Indiana man was killed in Illinois while working on a lift used to repair street lights. The man's wife brought a products liability action against the Indiana company that had built the lift. *Id*. at 1072. Although the harm occurred in Illinois, the court found that the issue at the heart of the litigation was the alleged defective manufacturing of the Indiana company, and that the location of the harm was insignificant to determine whether the company was liable. *Id*. at 1073. As such, they chose to apply Indiana law. *Id*.

In *Simon*, the Indiana Supreme Court discussed when it is appropriate to overcome the presumptive *lex loci delicti* rule. 805 N.E.2d 798. In short, the dispute in *Simon* involved a plane that crashed in Kentucky; however, the allegedly negligent acts at issue occurred in Indiana (plaintiffs alleged that the air traffic controllers in Indianapolis negligently cleared the plane for landing).

> Next, we must examine whether the place of the tort "bears little connection" to the legal action. *Hubbard*, 515 N.E.2d at 1074. This is one of the **rare cases in which the place of the tort is insignificant**. The negligence at issue occurred in Indiana and the District of Columbia, and none of the victims or the parties are residents of Kentucky (except to the extent that the United States is a "resident" of every state). The plane flew over multiple states during the course of the flight, and the crash might have occurred anywhere. In addition, **unlike in cases involving an automobile accident, the laws of the state where the crash occurred did not govern the conduct of the parties at the time of the accident**. Consequently, we conclude that the place of the tort was an insignificant contact in this case.

*Id*. at 806 (emphasis added). *Simon* indicates that the presumption of applying the *lex loci delicti* rule is strong and should only be overcome in rare cases, and that automobile accidents were generally not intended to fall under this exception. The rationale behind *lex loci delicti* is that the laws of the state where the tort occurred usually govern the conduct of the parties. As is pointed out by the court in *Simon*, in the case of an automobile accident, the laws of the state in which the accident occurs govern the conduct of the parties. Clearly then, under this doctrine, the laws of Indiana would be applied to determine liability in this case.

[9] However, Plaintiffs argue that because Greenwood has admitted fault for the accident, the only remaining issue is damages, and so the location of the accident is no longer relevant; thus, this court should apply Illinois law. Unfortunately for the Plaintiffs, this logic would require this court to engage in *dépeçage*, which is not a practice that has been accepted in Indiana.

> *Dépeçage* is the process of analyzing different issues within the same case separately under the laws of different states. Although Indiana allows different claims to be analyzed separately, it does not allow issues within those counts to be analyzed separately. For example, an Indiana court might analyze a contract claim and a tort claim independently but would not separately analyze and apply the law of different jurisdictions to issues within each claim. *Dépeçage* has not been part of Indiana's lexicon. Under our history as a *lex loci delicti* state, Indiana courts applied the law of the state in which the tort was committed. [*Hubbard*, 515 N.E.2d at 1073]. Courts did not consider whether the law of a different state might be more relevant to the claim, much less to individual issues within the claim.

*Id*. at 801-02 (footnote omitted).

Plaintiffs essentially argue that Greenwood's admission of fault effectively negates the importance of the location of the accident and, consequently, the *lex loci delicti* presumption. We disagree. For one, this approach would cause peculiar results in cases such as this. At any point during litigation, if the defendant admits fault, then the applicable state law could change. Such a precedent would significantly discourage stipulations of fault. Furthermore, we think it would be improper to so easily disregard the *lex loci delicti* presumption. "People do not take the laws of their home state with them when they travel but are subject to the laws of the state in which they act." *Id*. at 807. Indiana law unquestionably applies to determine liability in this case. To apply another state's laws to the issue of damages would require us to engage in *dépeçage*, which we cannot do. *Id*.

The judgment of the trial court is affirmed.

May, J., and Mathias, J., concur.