## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 19 2018, 8:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert Peacher
Pendleton, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Peacher, *Appellant-Plaintiff,* <br><br> v. <br><br> Elizabeth Lakin, *Appellee-Defendant.* | April 19, 2018 <br><br> Court of Appeals Cause No. 48A02-1709-SC-2312 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable David A. Happe, Judge <br><br> Trial Court Cause No. 48C04-1704-SC-1294 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Robert Peacher (Peacher), *pro se*, appeals the small claims court's judgment in favor of Appellee-Defendant, Elisabeth Lakin (Lakin).

We affirm.

# ISSUE

Peacher presents one issue on appeal, and which we restate as: Whether the small claims court erred in entering judgment for Lakin.

# FACTS AND PROCEDURAL HISTORY

On January 12, 2017, Peacher filed a notice of claim against Lakin. In the supporting affidavit, Peacher averred that Lakin "had given away or destroyed" his business books, records, and seals. (Appellant's App. Vol. II, p. 17). As such, Peacher claimed that Lakin owed him "$5,700 to replace the property that she has either kept, given away, or destroyed." (Appellant's App. Vol. II, p. 17). On April 20, 2017, Lakin filed her response denying Peacher's claims. On May 12, 2017, Peacher filed a motion, seeking to amend his notice of claim and to allege that the cost of replacing his business books and other items being held by Lakin was now $6,000 instead of $5,700. In his amended notice of claim, Peacher requested that a hearing date be set within thirty days.

On May 15, 2017, the small claims court ordered the parties to present evidence in the form of affidavits in place of a hearing. On June 6, 2017, Peacher filed his affidavit and supporting exhibits. Peacher averred that in a separate

unrelated civil cause number, he had obtained a default judgment against Lakin where the trial court had ordered Lakin to pay him compensatory damages in the sum of $50,000, and for Lakin to release any property that she controlled or held on behalf of Peacher. Peacher swore that although Lakin had fully paid the compensatory damages, Lakin had not returned his "company records, books and seals," instead, Lakin had voluntary offered his property to the Madison County Prosecutor's Office. (Appellant's App. Vol. II, p. 22). Peacher indicated that he replaced his company books and attached a quotation from Spiegel and Utrera, P.A., indicating that the cost of replacing his company books and seals was $5,700. On July 6, 2017, Lakin filed her responsive affidavit where she averred that in order to avoid being incarcerated in her own criminal case, and in exchange for a "plea" deal, she turned over Peacher's company books and seals to the Madison County Prosecutor's Office. (Appellant's App. Vol. II, p. 36). Lakin additionally claimed that there was insufficient evidence to substantiate that Peacher paid $5,700 to replace his company books and seals.[1] On July 19, 2017, the small claims court reviewed the parties' affidavits and issued an order stating, in pertinent part:

---

[1] On July 21, 2017, Peacher filed his response to Lakin's affidavit, claiming that the Pendleton Correctional Facility staff illegally confiscated Lakin's responsive affidavit; therefore, he did not have sufficient time to respond to it.

> [Peacher] brought suit for damages over [Lakin's] alleged
> disposition of certain business assets or records. [Peacher] asserts
> that these items were given by [Lakin] to a prosecuting attorney.
> Rather than pursuing replevin against the party who possessed
> the records, [Peacher] instead wants to be paid for the
> reproduction of the said records or assets.[2]
>
> The [c]ourt cannot find that [Lakin's] action in cooperating with
> a law enforcement investigation are tortious, enabling [Peacher]
> to recover damages from her. To the extent that [Peacher's]
> claim is based on a breach of contract or fiduciary duty, he had
> an obligation to mitigate his damages by seeking legal recourse to
> recover the property he believes is from the party who has it.
> While he apparently raised this issue in a hearing within a
> criminal cause number, there is no indication that he ever sought
> to use the civil tool of replevin to obtain the property.
>
> The [c]ourt finds that [Peacher] has not met his burden of proof,
> and therefore enters judgment for [Lakin] against [Peacher]. . . .

(Appellant's App. Vol. II, pp. 14-15). On July 26, 2017, Peacher filed a motion

to correct error, claiming that the small claims court "was not correct" in stating

that he did not "pursue replevin against the party who possessed" his company

books and seals. (Appellant's App. Vol. II, p. 50). Specifically, Peacher argued

---

[2] While [Peacher] submitted a quote from Spiegel and Utrera, P.A., for replacement of assets/records, there is no documentation that he actually paid such sum [footnote in the original].

that at his criminal hearing on May 1, 2017, he questioned the Madison County Prosecutor regarding the status and return of his company books and seals, and that the prosecutor indicated that Lakin had voluntarily offered the books to them. On July 30, 2017, the small claims court issued an order stating

> Having reviewed [Peacher's] filings of 7/21/17 and 7/26/2017, the [c]ourt takes these as Motion to Correct Errors, and hereby denies the same. The [c]ourt notes that had these materials been submitted prior to the judgment, they would not have affected the outcome of this matter, and judgment would still have been entered for [Lakin].

(Appellant's App. Vol. II, p. 48).

[6] Peacher now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] As a preliminary matter, we observe that Lakin did not file an appellee's brief. Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a *prima facie* showing of reversible error by the appellant. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). *Prima facie* error is error "at first sight, on first appearance, or on the face of it." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). This "*prima facie* error rule" relieves this court from the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. *Simek v. Nolan*, 64 N.E.3d 1237, 1241 (Ind. Ct. App. 2016).

[8] The issue here is whether the judgment of the small claims court is clearly erroneous. Our standard of review in small claims cases is well settled. Small claims court judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting. *Vance v. Lozano*, 981 N.E.2d 554, 557 (Ind. Ct. App. 2012). But this deferential standard does not apply to the substantive rules of law, which are reviewed *de novo* just as they are in appeals from a court of general jurisdiction. *Id.* at 557-58.

[9] In his amended notice of claim, Peacher's aim was to recover the money that he had allegedly expended in replacing his company books and seals, which he claimed that Lakin had retained or given away to the Madison County Prosecutor's Office. Because no hearing was held, the small claims court directed the parties to submit their evidence through affidavits. We first note that Peacher amended his notice of claim to assert that he spent $6,000 to replace his company books and seals. However, Peacher's affidavit and accompanying documents reflected that he was only seeking $5,700 in damages from Lakin. Specifically, Peacher attached a quotation form in his affidavit claiming that the cost of replacing the company books and seals was $5,700. In

her responsive affidavit, Lakin refuted that she was retaining Peacher's company books and seals, and she averred that she had offered them to the Madison County Prosecutor's Office in exchange for a plea deal. Also, Lakin swore that the quotation provided by Peacher provided no assurance that Peacher had spent $5,700 in replacing his company books and seals. Although not addressed in as great of detail as the issue of replevin—*i.e.,* that Peacher should have sought the recovery of his company books and seals by initiating a replevin action—the small claims court included a footnote in its order finding that "there is no documentation that [Peacher] actually paid such sum." (Appellant's App. Vol. II, p. 15). As such, the small claims court concluded that Peacher had not met his burden in proving his damages. We agree.

[10] Parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues. *Mayflower Transit, Inc. v. Davenport*, 714 N.E.2d 794, 797 (Ind. Ct. App. 1999). While the method of proof may be informal, the relaxation of evidentiary rules is not the equivalent of relaxation of the burden of proof. *Id.* It is incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought. *Id.* Further we note that it is the fact-finder's prerogative to weigh all of the evidence and judge its credibility. In the instant case, Lakin, in her responsive affidavit, challenged Peacher's claim that he had paid $5,700 to replace his company books and seals. We note that although Peacher submitted a quote, he did not designate any documents showing that he had paid $5,700 to replacing his company books and seals. Based upon the evidence submitted,

the small claims court determined that Peacher had failed to prove by a preponderance of the evidence that he expended some money in replacing is books and that Lakin was liable for the requested $5,700 in damages. Accordingly, we hold that Peacher has not shown error of any sort, and we affirm the small claims court judgment in favor of Lakin.

## CONCLUSION

[11] Based on the foregoing, we conclude that the small claims court did not err in denying Peacher's notice of claim.

[12] Affirmed

[13] May, J. and Mathias, J. concur