# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Feb 14 2019, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT *PRO SE*

Demettress Burnett
Crown Point, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Demettress Burnett, <br> *Appellant-Plaintiff,* <br><br><br> *v.* <br><br><br> David Davis and Mari Davis, <br> *Appellees-Defendants.* | February 14, 2019 <br><br> Court of Appeals Case No. 18A-SC-365 <br><br> Appeal from the Lake Superior Court <br><br> The Hon. Michael N. Pagano, Magistrate <br><br> Trial Court Cause No. 45D09-1710-SC-2712 |

**Bradford, Judge.**

# Case Summary

[1] Demettress Burnett appeals from a $270 judgment entered in her favor in her small-claims action against David and Mari Davis to recover the entire $1500 security deposit she made when she rented a residence from them and for various other damages. Burnett claims that the trial court erred in allowing the Davises to file an untimely counterclaim and that its judgment was clearly erroneous in several respects. Because we conclude that Burnett has waived any challenge she might have had to the counterclaim and that the trial court's judgment was not clearly erroneous, we affirm.

# Facts and Procedural History

[2] In 2017, Burnett was renting a Lake County residence from the Davises for a monthly rent of $1500. On July 11, 2017, the Davises sent a letter to Burnett, informing her that her lease would not be renewed and reminding her that her lease terminated on August 31, 2017. On August 25, 2017, Burnett informed the Davises that she would not be able to move out until September 8, 2017, and indicated that she believed that she would owe $50 per day in rent for each day she stayed past the expiration of the lease. On August 28, 2017, the Davises responded that Burnett's request to hold over was approved but did not address the matter of rent. As it happens, a holdover provision in Burnett's lease provided that she would be liable for the entire month's rent for September of 2017. Burnett stayed in the residence until September 9 or 10, 2017, and paid the Davises $450 in rent for September.

[3] On October 5, 2017, the Davises prepared an invoice for Burnett for over $1800 in various charges. On or about November 9, 2017, Burnett filed a small-claims action against the Davises, seeking (1) the return of her $1500 security deposit, (2) $1575 as compensation for periods where part of the residence had allegedly been unusable, (3) approximately $1300 for medical bills caused by allegedly poor conditions, (4) approximately $800 in moving expenses, (5) approximately $280 for work missed to attend court, and (6) $400 for money spent on eating out due to the alleged presence of vermin and an allegedly malfunctioning stove. On November 17, 2017, the Davises prepared a second invoice, including approximately $1500 in charges for various items (including $25 for installing bulbs and a glass globe on a lighting fixture and $155 for a garage-door remote control and two keys which were not returned) and $1050 for back rent.

[4] On November 29, 2017, trial was held in Burnett's small-claims action against the Davises. Although the Davises apparently did not provide Burnett with the second invoice until the day of trial, she did not request a continuance to further investigate its contents. Following trial, the trial court issued the following order of judgment:

> This matter arises out of a now-terminated written lease agreement for the residence located at 10744 Pike, Winfield, IN. Tenant brings suit for the return of her security deposit, inter alia. Landlord claims more is owed than the security deposit.
>
> As to damages, the court would first note that damages must be reasonable. Furthermore, damages cannot be sought for pre existing [*sic*] conditions or for items that were not the fault of a tenant. Moreover, a Landlord cannot pursue damages for

"normal wear and tear." Normal wear and tear is defined as "the gradual deterioration of the condition of an object, which results from its appropriate use over time." *Miller v. Geels*, 643 N.E.2d 922, 927 (Ind. Ct. App. 1994). However, the accumulation of dirt and debris does not constitute normal wear and tear. *Id*. Additionally, the security deposit must be applied to any amount owed by a tenant to a landlord; it is illegal for a security deposit to be "forfeit" without actual proof of indebtedness. See [*sic*] Ind. Code § 32-31-3-12. Finally, Landlord has the burden of proof as to deductions from a security deposit; however, Tenant has the burden of proof on her claims regarding the condition of the property/failure to repair/remedy any issues therewith. See [*sic*] *Kempf v. Himsel*, 121 Ind. App. 488; 98 N.E.2d 200 (1951). With these principles in mind, the court rules that Landlord is entitled to the following damages and tenant is entitled to the following credits; items not listed were either not sufficiently proven or are not compensable under Indiana law.[1]

| | |
|---|---|
| Rent for September 2017: | 1050.00 |
| Glass Globe install[:] | 25.00 |
| Remotes and Keys: | 155.00 |

---

[1] The record indicates that the Davises failed to provide an itemized list of damages and the estimated cost of repair for each damaged item within forty-five days after the termination of occupancy, as required by Indiana Code section 32-31-3-14. Although Burnett vacated the residence on September 9 or 10, 2017, the trial court found that her occupancy ended as of September 30, 2017, which makes November 14, 2017, the forty-fifth day after termination of occupancy. The second invoice was dated November 17, 2017, at least three days late, and the invoice was as many as fifteen days late if it was, in fact, provided to Burnett for the first time at the November 29 hearing. Pursuant to Indiana Code sections 32-31-3-13(1) and 32-31-3-14, then, the Davises' claims for physical harm to the residence were not recoverable because they were not timely claimed. *See Klotz v. Hoyt*, 900 N.E.2d 1, 5 (Ind. 2009). Also, it seems clear that the trial court concluded that the Davises failed to carry their burden of proof on their claim for "Clean Up."

That leaves the charges the trial court did allow, namely, $25 for installation of a glass globe left on the counter and $155 for Burnett's failure to return a garage-door remote control and two keys. These two items were not damaged items which required repair and, as such, did not constitute physical harm to the premises, falling under the category of "other damages" pursuant to *Klotz*. Consequently, they *are* recoverable even after the forty-five-day notice period and may be charged against the security deposit. *See id*. In summary, the trial court awarded the Davises damages for the only two items that were recoverable under the security deposits statute and rejected their other property-damage claims.

|              |            |
|--------------|------------|
| Sec. Dep.[:] | -1500.00   |
| Total:       | -270.00    |

Accordingly, Landlord owes Tenant $270.00.  Judgment shall enter accordingly.

Appellant's Br. p. 23.

# Discussion and Decision

Before addressing Burnett's claims, we would like to note several significant deficiencies in her submissions to this court.  Indiana Rule of Appellate Procedure 46(A)(8) provides, in part, as follows:

> (8) *Argument.*  This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.
>
> (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.  Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.
>
> (b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues.  In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

[6]     Among other significant deficiencies in Burnett's "Appellant's Brief,"[2] her argument contains no citations to any statutory or case law[3] and no statements regarding the applicable standard(s) of review.  Moreover, the vast majority of factual assertions in Burnett's argument are unsupported by citations to the record.  Suffice it to say that Burnett's failure to file a conforming Appellant's Brief has hindered our evaluation of this appeal.  That said, our preference for addressing claims on the merits is well-established, *see, e.g.*, *Rexroad v. Greenwood Motor Lines, Inc.*, 36 N.E.3d 1181, 1183 (Ind. Ct. App. 2015) ("[W]here possible, we prefer to address cases on their merits."), and we choose to directly address Burnett's claims nonetheless.

[7]     Burnett contends that the trial court improperly allowed the Davises to file a counterclaim the day of trial in violation of the Indiana Rules for Small Claims and that its judgment is clearly erroneous.  At the outset, we note that the Davises have not filed an Appellees' Brief in this matter, and when the appellees do not file a brief, we need not undertake the burden of developing an argument for them.  *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).  Rather, we will reverse the trial court's judgment if the appellant presents a case of prima facie error.  *Id.*  "Prima facie error in this context is

---

[2]  Burnett has also failed to provide a compliant table of authorities, statement of issues, statement of the case, statement of facts, or summary of argument.  Ind. Appellate Rule 46(A).

[3]  The only citations to any legal authority in Burnett's brief appear in the "Statement of the case[,]" in which she includes Indiana Small Claims Rule 5, which governs counterclaims in small-claims actions, and Indiana Trial Rule 59, which governs motions to correct error.

defined as, at first sight, on first appearance, or on the face of it." *Id.* (quotation omitted). Where an appellant does not meet this burden, we will affirm. *Id.*

# I. Counterclaim

Burnett claims that the trial court erred in allowing the Davises to file an improper counterclaim the day of trial by submitting their second invoice, which included for the first time, *inter alia*, a charge for $1050 in back rent for September of 2017. Indiana Small Claims Rule 5(A) provides, in part, as follows:

> If the defendant has any claim against the plaintiff, the defendant may bring or mail a statement of such claim to the small claims court within such time as will allow the court to mail a copy to the plaintiff and be received by the plaintiff at least seven (7) calendar days prior to the trial. If such counterclaim is not received within this time the plaintiff may request a continuance pursuant to S.C. 9.

We shall assume, without deciding, that the second invoice was a counterclaim pursuant to the Small Claims Rules and that it was not provided to the trial court or Burnett in a timely fashion. Burnett, however, failed to avail herself of the only remedy available to her by not requesting a continuance and has thereby waived any appellate challenge to the allegedly improper counterclaim. *See, e.g.*, *Patel v. State*, 533 N.E.2d 580, 585 (Ind. 1989) ("The failure to request a continuance where it may be the appropriate remedy constitutes a waiver of any error pertaining to non-compliance with a discovery order.").

## II. Whether the Trial Court's Judgment
## Was Clearly Erroneous

[10] Our standard of review in small-claims cases is well settled. Small-claims court judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This deferential standard of review is particularly important in small-claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting. *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 689 (Ind. Ct. App. 2012). But this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a court of general jurisdiction. *Id.*

The parties in small-claims court bear the same burdens of proof as they would in a regular civil action on the same issues. Ind. Small Claims Rule 4(A). It is incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought. *Berryhill*, 962 N.E.2d at 689. We consider evidence in the light most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Id.* We will reverse a judgment only if the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.*

*Vance v. Lozano*, 981 N.E.2d 554, 557–58 (Ind. Ct. App. 2012).

[11] Burnett claims that the trial court's judgment was clearly erroneous in several respects, including (1) awarding the Davises $1050 in back rent; (2) finding her liable for keys and a garage-door remote control; and (3) failing to award her damages for allegedly unsafe conditions in the residence, including extreme heat and cold, vermin, a malfunctioning stove, and a carbon monoxide leak.

## A. Back Rent

Burnett contends that the trial court erroneously awarded the Davises $1050 in back rent for September of 2017 because the parties had agreed that she would only pay rent for the days she actually occupied the residence. Burnett claims that the Davises' approval of her request to hold over in the residence also represented an agreement that she would only have to pay prorated rent because it did not explicitly dispute her stated belief to that effect. We are, however, required to view all evidence in a light most favorable to the judgment and consequently note that the Davises approval of Burnett's request to hold over did not address the matter of rent, much less explicitly agree with Burnett's stated belief. The Davises also introduced undisputed evidence that the lease's holdover provision required Burnett to pay rent for all of September 2017, even though she only stayed until the ninth or tenth. While we acknowledge that there is some evidence suggesting that an agreement was made to accept prorated rent, the evidence certainly does not all lead to that one conclusion. Burnett has failed to establish that the trial court erred in finding her liable for $1050 in back rent.

## B. Charges Against Burnett

Burnett also claims that the trial court erred in charging her $155 for two keys and a garage-door remote control. Burnett does not dispute that there is evidence that she did not return the items. Burnett, however, claims that she attempted on several occasions to return the items and that replacements would cost far less than $155. To the extent that Burnett's claims are supported by

evidence presented at trial, however, the trial court was under no obligation to credit this evidence and apparently did not. Burnett's argument is an invitation to reweigh the evidence, which we will not do. *See Vance*, 981 N.E.2d at 557.

## C. Claims Against the Davises that Were Denied

Finally, Burnett claims that the trial court erred in failing to award her damages for alleged unsafe conditions in the residence, including extreme heat and cold, vermin, a malfunctioning stove, and a carbon monoxide leak. Again, the only evidence supporting these claims was presented by Burnett, which evidence the trial court was not required to credit. As with Burnett's other claims, this one amounts to nothing more than an invitation to reweigh the evidence. *See id*. In conclusion, Burnett has failed to establish that the trial court's judgment is clearly erroneous.

The judgment of the trial court is affirmed.


Najam, J., and Altice, J., concur.